**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02493-RM-KMT

UMAR FAROUK ABDULMUTALLAB,

    Plaintiff,

v.

JEFFERSON SESSIONS, Attorney General of the United States, in his official capacity;
FEDERAL BUREAU OF PRISONS, and
JOHN DOES 1 THROUGH 20, in their official capacities,

    Defendants.

---

**MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

---

Defendants Attorney General Jefferson Sessions, in his official capacity, and the Federal Bureau of Prisons ("Defendants") respectfully move the Court for an order staying discovery and vacating the January 31, 2018, scheduling conference (Dkt. 16), until the Court has resolved their forthcoming dispositive motions. The dispositive motions are due to be filed on February 2, 2018. The Court should vacate the scheduling conference and stay discovery until the motions are resolved because those motions, if granted, could resolve the entire case. The dispositive motions will raise threshold issues—including jurisdiction, exhaustion, and failure to state a claim—each of which should be resolved before discovery is permitted. Courts have recognized that discovery into the merits of claims over which the Court lacks jurisdiction, or where the Plaintiff has failed to exhaust, is generally improper. The Supreme Court has likewise stated that the "doors of discovery" should not be "unlock[ed]" until the plaintiff has stated a claim upon

which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (explaining that one of the purposes of Rule 8 is to avoid unnecessarily "ginning up the costly machinery associated with our civil discovery regime"). Finally, the *String Cheese* factors all support staying discovery until the Court rules on the motion to dismiss.

Defendants certify that, pursuant to D.C.COLO.LCivR 7.1(a), counsel discussed this motion and the relief requested with counsel for Plaintiff on January 18, 2018. Plaintiff opposes a stay of discovery.

## FACTUAL BACKGROUND

Plaintiff Umar Farouk Abdulmutallab is a convicted terrorist. He is serving four terms of life imprisonment plus 50 years for his convictions for attempting to use a weapon of mass destruction on a commercial airliner that landed in Detroit Michigan, and attempting to murder 289 people on board. Dkt. 1 ¶ 1. He is a federal prisoner housed at the United States Penitentiary – Administrative Maximum, in Florence, Colorado ("ADX"). *Id.* ¶ 4. Plaintiff has filed a lengthy complaint containing fourteen different claims covering 73 pages and 379 paragraphs and challenging a broad range of conditions of his confinement. Plaintiff seeks declaratory and injunctive relief for purported violations of the First, Fifth, and Eighth Amendments as well as the Religious Freedom Restoration Act.

Pursuant to Federal Rule of Civil Procedure 12(a), Defendants' response to the complaint is due on February 2, 2018. Defendants will be filing a motion to dismiss and motion for

summary judgment on February 2, 2018.[1] These motions will raise several threshold defenses, including lack of subject-matter jurisdiction for lack of standing, failure to exhaust administrative remedies, and failure to state a claim.[2] If granted, Defendants' motions would be fully dispositive of this civil action.

## ARGUMENT

**I.     The Court should stay of discovery until the threshold issues are resolved.**

The Court should stay discovery because the motions, if granted, are fully dispositive of the claims against Defendants. Moreover, as detailed below, the grounds raised in the motions—jurisdiction, exhaustion, and failure to state a claim—are threshold issues that courts have recognized should be properly resolved before allowing discovery.

*First*, proper jurisdiction is a mandatory prerequisite before the discovery rules and objections become operative. Federal Rule of Civil Procedure 82 expressly states that the Federal Rules of Civil Procedure, including the discovery rules, "do not extend or limit the jurisdiction of the district courts." *Id.* As a result, "the district court must have jurisdiction . . . before the discovery rules become operative." *Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000). The Supreme Court has therefore held that discovery processes and orders issued where a court lacks jurisdiction are void. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (holding that "the subpoena power of a court cannot be more extensive than its jurisdiction" and thus "if a district court does not have subject-matter jurisdiction over

---

[1] If there is a lapse in appropriations, which is outside the control of counsel, Defendants may seek a short extension of this deadline as counsel will be prohibited from working by the Antideficiency Act, Pub. L. 97-258, until the appropriations lapse ends.

[2] Due to the volume of claims, the lengthy nature of the allegations, and the necessary levels of review, it was not possible to file these motions prior to the deadline imposed by Rule 12(a).

3

the underlying action . . . then the [discovery] process is void."). As the Supreme Court recognized, there is an important distinction between discovery in aid of determining jurisdiction, which is permissible, and discovery into the merits, which is impermissible where a court lacks jurisdiction. This rule stems from the fact that jurisdictional issues concern the court's very power to hear a case and issue orders. "[C]ourts have finite bounds of authority" and "[t]he courts, no less than the political branches of the government, must respect the limits of their authority." *Id.* at 77; *see also Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, [ ] any order it makes (other than an order of dismissal or remand) is void."); *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) (same).

The Court should therefore resolve the jurisdictional issues before allowing discovery to proceed on the merits.[3] "[C]ourts have routinely recognized that a stay of discovery may be appropriate where the court's jurisdiction is at issue." *Stienmier v. Donley*, No. 09-cv-01260-KMT-BNB, 2010 WL 1576714, at *2 (D. Colo. Apr. 20, 2010). Indeed, numerous judges within this district have recognized the appropriateness of staying discovery pending the resolution of a jurisdictional motion. *See, e.g.*, *Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *1 (D. Colo. Mar. 13, 2017); *Mitcham v. Nationstar Morgage*, LLC, No. 09-cv-03038-PAB-KLM, 2010 WL 582140, at *1 (D. Colo. Feb. 11, 2010); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar.

---

[3] Until jurisdiction is resolved, Defendants could rightly object to discovery process on the ground that the Court lacks jurisdiction. This would necessitate duplicative briefing and analysis of the jurisdictional issues within the discovery process.

30, 2006). The proper course is to stay discovery until the Court's jurisdiction is resolved.

*Second*, the Court should resolve Defendants' exhaustion defense before allowing discovery into the merits of those claims. The Prison Litigation Reform Act ("PLRA") imposes strict mandatory exhaustion of all available remedies before filing suit. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Congress has declared that "*[n]o action shall be brought* with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). This statute "makes exhaustion a precondition to *filing* a suit." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012).

As the Supreme Court has explained, "[r]equiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities *before being haled into court*." *Jones v. Bock*, 549 U.S. 199, 204 (2007) (emphasis added). It would thus be antithetical to the PLRA to allow discovery—and to hale officials into court—before the issue of exhaustion has been resolved. Similarly, "[i]f merits discovery is allowed to begin before [resolving exhaustion], the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For that reason, every circuit to address the issue has concluded that, absent extraordinary circumstances, discovery into the merits should not be allowed until the issue of exhaustion is resolved. *Id.* ("We emphasize that in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved."); *Small v. Camden Cty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013) (expressing agreement with *Pavey*); *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc) (explaining that "[e]xhaustion should be decided, if feasible, before reaching the merits of

a prisoner's claims," and "discovery directed to the merits of the suit" should generally be deferred).

*Third*, following *Twombly* and *Iqbal*, the Supreme Court and the Tenth Circuit have emphasized that a trial court should not "unlock the doors" of discovery unless and until the plaintiff demonstrates that he has stated a plausible claim under Rule 8. In *Twombly*, the Supreme Court embraced "the understanding that, *before proceeding to discovery*, a complaint must allege facts suggestive of illegal conduct." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (emphasis added). Shortly thereafter, in *Iqbal*, the Supreme Court held that, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-79. The Court suggested that the motion to dismiss determination must precede the initiation of discovery, even when a district court might attempt to engage in "careful case management" designed to cabin discovery in the early stages of the case. *Id.* at 684–85 ("We have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."). The Court rejected an approach that would allow "a claim just shy of a plausible entitlement to relief" to proceed to discovery, recognizing "the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Id.* at 685 (quoting *Twombly*, 550 U.S. at 559).

Just last month, the Supreme Court emphasized that threshold issues should generally be resolved before imposing burdensome litigation on the government. *In re United States*, 138 S. Ct. 443, 444-45 (2017). The Court granted an extraordinary writ of mandamus—a writ available

only upon a showing of clear error—holding that the district court clearly erred by not resolving the government's dispositive, threshold arguments before ordering the government to undergo burdensome document productions. *Id.* at 445. The Court's decision serves to reiterate that threshold, dispositive issues should generally be resolved before burdensome discovery begins.

Following *Twombly* and *Iqbal*, the Tenth Circuit has recognized that discovery generally should not proceed until the Court determines that a plaintiff has stated a claim. In *Kansas Penn Gaming*, the Tenth Circuit stated that the Rule 8 serves two purposes. One is "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense." 656 F.3d at 1215 (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring)). The second is "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Id.* Allowing discovery at this time would thwart this second purpose by unnecessarily triggering an expensive and burdensome discovery process before the Court has a chance to decide whether there is any viable claim. In accordance with these principles, numerous Tenth Circuit decisions have affirmed district court orders declining to open discovery pending a motion to dismiss for failure to state a claim, finding that starting discovery under these circumstances would be inconsistent with *Twombly* and *Iqbal. See, e.g., Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 763–64 (10th Cir. 2011); *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011); *Mecca v. United States*, 389 F. App'x 775, 782 (10th Cir. 2011). Defendants respectfully submit that discovery should be stayed pending resolution of their dispositive motions.

**II.      The *String Cheese* factors strongly support a stay.**

The Court should stay discovery based on the grounds stated above. In addition, the *String Cheese* factors weigh strongly in favor of a stay here. Staying discovery is a proper exercise of the Court's discretion. *See, e.g.*, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (control over discovery lies within the sound discretion of the court) (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994) ("Just as the trial court's determinations on allowing or denying discovery are discretionary . . . so is the imposition of reasonable conditions on the granting of a stay of discovery." (internal citations omitted)); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (court has "discretion to stay proceedings as an incident to its power to control its own docket"). A stay of discovery is especially appropriate where resolution of preliminary motions may dispose of the entire action. *See, e.g., Advanced Career Technologies, Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014); *Eggert v. Chaffee Co.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *1 (D. Colo. Aug. 25, 2010).

The Court can weigh several factors in determining whether to exercise its broad discretion to stay discovery, including: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

As for the first *String Cheese* factor, a short stay of discovery will not significantly prejudice Plaintiff. On the other hand, Plaintiff would be prejudiced if the case continued through

discovery only to be dismissed once the dispositive motions were granted. In that case, Plaintiff may be responsible for costs that could have been avoided had the case been stayed. Therefore, the first factor does not weigh in Plaintiff's favor.

As for the second *String Cheese* factor—the burden on the defendant—discovery would impose substantial expenses and burdens on Defendants. The complaint contains fourteen claims covering a broad range of issues. Recognizing the breadth of the complaint, during conferral, Plaintiff has stated that he will need written and testimonial discovery beyond the normal limits. More importantly, Plaintiff seeks to depose numerous high-ranking officials, including the Attorney General of the United States, the Director of the Bureau of Prisons, and the Regional Director of the Bureau of Prisons. Such requests are extremely burdensome on high-ranking officials, detracting from their important public functions. Before such discovery is even considered, the Court should rule on the dispositive, threshold issues. In addition, allowing discovery now will impose significant expense on the government, including hiring expert witnesses, and substantial time and expenses related to responding to voluminous discovery requests that may be wholly unnecessary.

"In such a circumstance, … the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously." *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. April 27, 2010) (staying discovery where the defendant filed a dispositive motion). As this Court has observed, "neither [the Court's] nor the parties' time is well-served by being involved in possible dispute resolution and other incidents of discovery when, as here, a dispositive motion involving a threshold . . . defense is pending." *McCarter v. Potter*, No. 09-cv-01674-MSK-KMT, 2010 WL 148258, at *2

(D. Colo. Jan. 12, 2010); *see also Harbinger Capital Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. March 10, 2015) (observing, in finding that the second factor weighed in favor of staying discovery, that "Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss."). Therefore, the second factor weighs in favor of Defendant.

Regarding the third *String Cheese* factor, "it is certainly more convenient for the Court to stay discovery until it is clear that this case will proceed." *Harbinger*, 2015 WL 1133503, at *2; *accord Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (noting that staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency"). The Court's time is not well-served by allowing a "struggle over the substance of the suit when, as here, a dispositive motion is pending." *Harris*, 2010 WL 1687915, at *1 (internal quotation marks and citation omitted). Given that Plaintiff has stated his intention to depose the Attorney General of the United States, the Director of the Bureau of Prisons, and other high-ranking officials, for which the government will most certainly object, this matter will undoubtedly require a substantial expenditure of the Court's time and resources to resolve discovery disputes, all of which could be avoided if the dispositive motions are granted. Moreover, given the subject matter of the dispute, the case is likely to raise numerous complex discovery disputes, including potentially issues of states secretes, that could be avoided if the dispositive motions are granted. Therefore, the third factor also strongly weighs in favor of staying discovery.

The fourth factor, the interests of nonparties, also weighs in favor of a stay. A stay will allow "the Court and the Department of Justice, both of which are funded by the public, to focus

their efforts on matters more pressing than discovery in a case that may be dismissed." *See Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). Therefore, the fourth *String Cheese* factor weighs in favor of a stay.

Finally, the fifth and final *String Cheese* factor also weighs in favor of a stay. Where "the public's only interest in this case is a general interest in its efficient and just resolution, [a]voiding wasteful efforts by the Court clearly serves this interest." *Harbinger*, 2015 WL 1133503, at *2.

In sum, the *String Cheese* factors weigh heavily in favor of a stay here.

**IV.     The Court should vacate the January 31, 2018, scheduling conference.**

The Court has set a scheduling conference for January 31, 2018, in this matter. Dkt. 16. However, the briefing on Defendants' motions likely will be completed no earlier than March 9, 2018. *See* D.C.COLO.LCivR 7.1(d) (providing that the responding party has 21 days following service of a motion to respond, and that the moving party has 14 days in which to reply); D.C.COLO.LCivR 56.1(a) (same). Should the Court grant Defendants' dispositive motions, the complaint will be dismissed and no scheduling conference will be necessary. Accordingly, Defendants respectfully request that the Court vacate the scheduling conference, to be re-set at a later date, if necessary.

## CONCLUSION

For the foregoing reasons, the Court should stay discovery until it has resolved Defendants' motion to dismiss and for summary judgment, and vacate the January 31, 2018, scheduling conference in this matter.

Dated January 19, 2018  Respectfully Submitted,

ROBERT C. TROYER
United States Attorney

*s/ David Z. Moskowitz*
David Z. Moskowitz
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone:(303) 454-0100
Fax: (303) 454-0407
david.moskowitz@usdoj.gov
Counsel for Defendants

12

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following email addresses:

gjohnson@johnsonklein.com

<i>s/ David Z. Moskowitz</i><br>
Office of the U.S. Attorney