**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-02493-RM-KMT

UMAR FAROUK ABDULMUTALLAB,

    Plaintiff,

v.

JEFFERSON SESSIONS, Attorney General of the United States, in his official capacity,
FEDERAL BUREAU OF PRISONS, and
JOHN DOES 1 THROUGH 20, in their official capacities,

    Defendants.

---

**ORDER**

---

This matter is before the Court on "Plaintiff's Objections to Magistrate Judge's Order (Doc. 42) Granting Defendants' Motion to Stay Discovery (Doc. 20)" (the "Objection") (ECF No. 49), asserting that the Magistrate Judge's order is clearly erroneous and/or contrary to law. Upon consideration of the Objection, Defendants' Response (ECF No. 59), relevant parts of the court record, and the applicable rules and case law, and being otherwise fully advised, the Objection is **OVERRULED**.

    **I.    LEGAL STANDARD**

Where a party timely objects to a magistrate judge's ruling on a nondispositive matter, the Court must consider such objections and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Thus, objections will be overruled unless the Court finds that the magistrate judge abused his or her discretion or, if after viewing the record as a whole, the Court

is left with a definite and firm conviction that a mistake has been made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "The clearly-erroneous standard is 'significantly deferential.'" *United States v. Cruz-Mendez*, 467 F.3d 1260, 1265 (10th Cir. 2006) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993)).

## II. DISCUSSION

Essentially, Plaintiff argues the Magistrate Judge incorrectly applied the *String Cheese*[1] factors, *i.e.*, (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. The Court considers Plaintiff's arguments in turn.

***The First Factor***. As to the first factor, Plaintiff contends the Magistrate Judge did not properly weigh Plaintiff's strong interest and the serious prejudice to him resulting from a stay of discovery. Contrary to Plaintiff's contention, the Magistrate Judge did recognize Plaintiff's interest in proceeding but found the potential prejudice to Plaintiff of a delay was outweighed by other factors. Moreover, Plaintiff fails to dispute the finding that he failed to show how *his ability to conduct discovery* would be adversely affected by a stay. While Plaintiff disagrees with the weight the Magistrate Judge afforded his contentions, the Court cannot say that it is "left with a definite and firm conviction that a mistake has been made" as to the Magistrate Judge's determination.

***The Second Factor.*** Plaintiff argues the Magistrate Judge's determination regarding the burden on Defendants is clearly erroneous and contrary to law as she (1) relied on an inapposite

---

[1] *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006).

2

decision from another district, *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005); (2) Plaintiff needs an opportunity to conduct discovery to oppose Defendants' Motion for Partial Summary Judgment;[2] (3) Defendants failed to meet their burden; and (4) "major aspects" of Plaintiff's case are similar to other cases, thus resulting in increased discovery efficiencies for Defendants and their counsel. The Court is not persuaded.

First, the Magistrate Judge's Order specifically recognized that stays are generally disfavored, but the courts nonetheless have discretion to stay discovery while a dispositive motion is pending. The Magistrate Judge's citation to an opinion from another district as persuasive in her ruling does not demonstrate that her opinion is clearly erroneous or contrary to law where Plaintiff fails to show it is contrary to controlling authority. Indeed, the case law demonstrates that the evaluating and weighing of factors are exercises of a judicial officer's discretionary authority based on the case at hand. Next, the Order did not preclude Plaintiff from seeking relief under Rule 56(d) to conduct discovery to respond to Defendants' Motion for Partial Summary Judgment, and Plaintiff in fact did so.[3] As to Defendants' burden, that is a close question in light of the Magistrate Judge's finding. The Court's review of the record, however, shows that, in light of the issues raised in this case and the discovery which Defendants represented Plaintiff seeks (*e.g.*, the deposition of the U.S. Attorney General),[4] Defendants would face a substantial discovery burden involving 14 claims while their dispositive motions involving jurisdictional (and other) issues are pending. Finally, as to the other cases, Plaintiff fails to show such cases are sufficiently similar or that increased efficiencies will likely result.

---

[2] Plaintiff also cursorily contends that Defendants have "forfeited" any argument that discovery is burdensome when they have moved for partial summary judgment at "a very early stage of this litigation." (ECF No. 49, page 5.) It is unclear how this is so when Rule 56(b) specifically allows Defendants to do so. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").
[3] The requested relief was denied. (ECF No. 102.)
[4] By this reference, the Court is not finding that such deposition or discovery may be had.

**The Other Three Factors.** As for convenience to the court, the Court cannot say that the Magistrate Judge's weighing of inconvenience with the potential waste of judicial resource in this case was contrary to law. Here, the dispositive motions were then pending for her recommendation on their disposition, so she was familiar with the issues before her.

As for the interest of nonparties and the public, in the context of litigation against public officials, it has been said that "the public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials." *A.A. ex rel. Archuletta v. Martinez*, No. 12-CV-00732-WYD-KMT, 2012 WL 2872045, at *5 (D. Colo. July 12, 2012), *objections sustained on other grounds*, No. 12-CV-00732-WYD-KMT, 2012 WL 5974170 (D. Colo. Oct. 9, 2012). It has also been accepted that discovery may be stayed to allow "the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *Green v. Napolitano*, No. 11-CV-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011) (stay unopposed). In this case, the Magistrate Judge found "neither the interest of nonparties nor the public interest in general prompts the court to reach a different result." (ECF No. 42, page 5.) Giving significant deference to the Magistrate Judge, the Court cannot say that her finding is clearly erroneous. *See Harbinger Capital Partners LLC v. Ergen*, No. 14-CV-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. Mar. 10, 2015) (avoiding wasteful efforts by court serves public interest).

Based on the foregoing, the Court **ORDERS** as follows:

(1) That Plaintiff's Objections to Magistrate Judge's Order (Doc. 42) Granting Defendants' Motion to Stay Discovery (Doc. 20) (ECF No. 49) is **OVERRULED**;

(2) That the Magistrate Judge's Order (ECF No. 42) is **AFFIRMED**; and

(3) That discovery in this action is **STAYED** pending resolution of the Motion to Dismiss (ECF No. 79) and Motion for Partial Summary Judgment (ECF No. 80), unless otherwise ordered.

DATED this 9th day of July, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge