**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-02493-RM-KMT

UMAR FAROUK ABDULMUTALLAB,

      Plaintiff,

v.

JEFFERSON SESSIONS, Attorney General of the United States, in his official capacity,
FEDERAL BUREAU OF PRISONS, and
JOHN DOES 1 THROUGH 20, in their official capacities,

      Defendants.

---

## ORDER

---

      This matter is before the Court on "Plaintiff's Objections to Magistrate Judge's Order (Doc. 102) Denying Plaintiff's Fed. R. Civ. P. 56(d) Motion (Doc. 90)" (the "Objection") (ECF No. 109), seeking an order setting aside or rejecting the Magistrate Judge's Order (the "Order") denying Plaintiff's request to conduct discovery he contends he needs in order to respond to Defendants' Motion for Partial Summary Judgment (the "Motion") (ECF No. 80). Upon consideration of the Objection, Defendants' Response (ECF No. 111), relevant parts of the court record, and the applicable law and rules, and being otherwise fully advised, Plaintiff's Objection is **OVERRULED in part and SUSTAINED in part**.

# I.  BACKGROUND

Briefly,[1] at issue is whether Defendants' Motion based on Plaintiff's alleged failure to exhaust administrative remedies should be denied as premature or, in the alternative, deferred[2] until Plaintiff has had an opportunity to conduct discovery.  Having found that the discovery Plaintiff sought is neither relevant nor necessary to resolving the Motion, the Magistrate Judge denied Plaintiff's Rule 56(d) motion.  The Magistrate Judge based her order on the finding that exhaustion is an objective standard, to be determined based on the face of the grievance; and that as Plaintiff has been provided with all the administrative remedy requests and responses, he has all the information he needs to defend Defendants' Motion.  Plaintiff argues otherwise, filing the Objection now at issue.

# II.  LEGAL STANDARD

## A.  Review of Magistrate Judge's Order

To begin, the parties dispute whether the Order is dispositive or nondispositive.  The difference matters as the standard of review differs.  *Compare* Fed. R. Civ. P. 72(a) (the district judge considers timely objections and modifies or sets aside any part of the order that is clearly erroneous or is contrary to law) *with* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  In this case, however, the Court finds that it need not resolve the issue as, under either standard, Plaintiff's Objection cannot be sustained as to his request to conduct discovery.[3]

---

[1] The parties are well versed with the factual and procedural background which gives rise to the Objections, so it will not be repeated here.

[2] That is, Plaintiff would not be required to respond to the Motion until Plaintiff's requested discovery is completed.

[3] Curiously, after essentially arguing the Order may or should be considered dispositive, Plaintiff argues that the Order is clearly erroneous and contrary to law.  (ECF No. 109, page 6.)

**B. Fed. R. Civ. P. 56(d) Motion**

To show relief is warranted under Rule 56(d),[4] "a party must specifically identify what facts it seeks to discover and show how those facts would materially aid its case on the dispositive issues." *Chavez v. Perry,* 142 F. App'x 325, 334 (10th Cir. 2005) (citing *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554–55 (10th Cir. 1993)). "No relief under Rule 56(f) is warranted when the information sought is either irrelevant to the summary judgment motion or merely cumulative." *Id.* (citation and quotation marks omitted). Instead, the information must be "'essential to his opposition.'" *Committee for First Amend. v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). "Unless…lacking in merit, the motion should be liberally treated." *Id.* at 1522 (citation and quotation marks omitted).

## III.    ANALYSIS

Plaintiff raises two objections. The Court addresses each in turn.

**A. Objection to the Magistrate Judge's Substantive Finding**

The Magistrate Judge found that exhaustion is an objective inquiry, to be judge on the face of the grievance itself. Plaintiff objects to this finding, arguing that the subjective understanding of or actions by individual officials are relevant to whether Defendants have "fair notice" of Plaintiff's complaints or a "fair opportunity" to resolve his complaints. Defendants argue the court's review is to focus objectively on Plaintiff's own remedy requests, not on the subjective interpretation of those requests by individual officials. Further, Defendants contend, even if the Bureau of Prison's subjective understanding of the request mattered, that

---

[4] Formerly Fed. R. Civ. P. 56(f).

understanding is presented in the first paragraph of each remedy request response. The Court

agrees, in part, with Defendants.

"Requiring exhaustion allows prison officials an opportunity to resolve disputes

concerning the exercise of their responsibilities before being haled into court." *Jones v. Brock*,

549 U.S. 199, 204 (2007) (emphasis added). In *Jones,* in evaluating the exhaustion requirement,

the Supreme Court stated:

> In *Woodford* [*v. Ngo*, 548 U.S. 81 (2006)], we held that to properly exhaust
> administrative remedies prisoners must complete the administrative review
> process in accordance with the applicable procedural rules,…-rules that are
> defined not by the PLRA, but by the prison grievance process itself. Compliance
> with prison grievance procedures, therefore, is all that is required by the PLRA to
> properly exhaust. The level of detail necessary in a grievance to comply with the
> grievance procedures will vary from system to system and claim to claim….

549 U.S. at 922-23 (quotation marks omitted). Albeit stated in a different factual context, *Jones*

nonetheless supports the Magistrate Judge's determination that the focus of the court's inquiry is

on the face of the grievance and the process itself. *See also Kikumura v. Osagie*, 461 F.3d 1269,

1282 (10th Cir. 2006), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007), as explained in *Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008) (A

"showing of exhaustion ... [is] dependent upon insight into the *administrative claim* and its

relationship with the federal suit." (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204,

1210 (10th Cir. 2003)) (brackets in original; emphasis added)). But, the court's focus *may* not

necessarily end there.

In *Kikumura*, the Tenth Circuit found Mr. Kikumura failed to exhaust his administrative

remedies as to his claim against the Supervisory Defendants as his vague reference to "policy" in

his BP-9 was insufficient to notify prison officials that alleged injuries may have been caused by

inadequate training and disciplinary programs. In footnote 6, the Tenth Circuit rejected Mr. Kikumura's argument that, even if he failed to exhaust his claim against the Supervisory Defendants, the Regional Director cured that failure by addressing the merits of the claim in the response to Mr. Kikumura's BP-10 appeal. In doing so, the Tenth Circuit stated: "Mr. Kikumura misreads the BP–10 response. Although the opening paragraph of the BP-10 response acknowledges his claim regarding the prison's 'policy concerning medical care,' it does not address the claim on its merits,…and therefore does not cure his failure to exhaust the claim." 461 F.3d at 1286 n.6. In doing so, the Tenth Circuit cited to *Patel v. Fleming*, 415 F.3d 1105, 1111 (10th Cir. 2005).

*Patel* involved a failure to exhaust as the plaintiff did not timely submit a remedy request. The plaintiff argued that his belated filing was nonetheless excused as the filing was considered on the merits. After examining the prison's *responses* to the plaintiff's request at the various administrative grievance procedure levels, the Tenth Circuit found that the filing was not considered on the merits as to the complaint at issue and, therefore, the plaintiff's argument was without merit. *Patel,* 415 F.3d at 1111.

*Patel* and *Kikumura* may support the proposition that *if* [5] something more may be relevant in determining whether Plaintiff exhausted his administrative remedies, that "something" may be the various responses, which Plaintiff already has. Plaintiff has cited to no controlling or persuasive authority to the contrary. Accordingly, the Magistrate Judge properly denied Plaintiff's requested discovery.

---

[5] By this statement, the Court is not finding that *Patel* or *Kikumura* is applicable to this case, or the reach of these cases. Any such determination is for another day.

**B. Objection to the Finding that Discovery is for an Improper Purpose**

Plaintiff objects to the Magistrate Judge's finding that, essentially, his discovery is sought to support another complaint; an improper purpose. He argues the Order cites to no facts or evidentiary support to sustain such a finding and that his request was made in good faith. While this Court finds Plaintiff's arguments lack merit, on this record, the Court is unable to say that was the purpose for Plaintiff's request under Rule 56(d). Accordingly, the Court sustains Plaintiff's objection as to the finding "that the reason the discovery is being sought is likely to satisfy the Plaintiff's speculative hope of finding some evidence that might tend to support another complaint and is therefore improper." Such rejection, however, in no way impacts the Court's conclusion that the requested discovery may not be had.

**IV. CONCLUSION**

Based on the foregoing, it is **ORDERED**

(1) That "Plaintiff's Objections to Magistrate Judge's Order (Doc. 102) Denying Plaintiff's Fed. R. Civ. P. 56(d) Motion (Doc. 90)" (ECF No. 109) is **OVERRULED in part and SUSTAINED in part** as stated herein;

(2) That the Magistrate Judge's Order of June 27, 2018 (ECF No. 102) is **ACCEPTED** and **AFFIRMED** as to the finding that discovery under Fed. R. Civ. P. 56(d) may not be had, but **REJECTED** as to the finding "that the reason the discovery is being sought is likely to satisfy the Plaintiff's speculative hope of finding some evidence that might tend to support another complaint and is therefore improper."; and

(3) That, as the Court has already *sua sponte* extended the deadline for Plaintiff to file his response to Defendants' Motion for Partial Summary Judgment,[6] "Plaintiff's Objections to Magistrate Judge's Order (Doc. 108) Denying Plaintiff's Unopposed Motion to Stay Deadline for Plaintiff to Respond to Defendants' Motion for Partial Summary Judgment (Doc. 80) Pending Final Disposition of Plaintiff's Forthcoming Objection to the Court's Order Denying His Rule 56(D) Motion (Doc. 102)" (ECF No. 110) is **DENIED AS MOOT**.

DATED this 24th day of July, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[6] ECF No. 113 (deadline extended to and including July 30, 2018).