**EXHIBIT 1**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. Plaintiff Umar Farouk Abdulmutallab is incarcerated at the United States Penitentiary – Administrative Maximum ("ADX") in Florence, Colorado, following his convictions for attempting to use a weapon of mass destruction on a commercial airliner that landed in Detroit, Michigan, and attempting to murder 289 people on board. Dkt. 76 ¶¶ 1, 4; Ex. 2, Shelton Decl. ¶ 8 & Attach. 1. | UNDISPUTED | |
| 2. Since Plaintiff's incarceration, he has filed 93 individual administrative remedies and appeals of those remedies. Ex. 2, Shelton Decl. ¶ 9 & Attach. 3. | UNDISPUTED | |
| 3. In Claim 1, Plaintiff alleges that his transfer to the ADX in 2012 violated his due process rights. Dkt. 76 ¶¶ 284-88. | UNDISPUTED | |
| 4. Plaintiff has not filed any administrative remedies related to his transfer to the ADX or any purported inadequacies with the process he received. Ex. 2, Shelton Decl. ¶ 12 & Attach. 3. | UNDISPUTED | |

---

[1] Mr. Abdulmutallab's response to Defendants' Statement of Undisputed Material Facts are for purposes of summary judgment only.

1

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 5. In Claim 6, Plaintiff alleges that following his hunger strikes in August 2012 and September 2012, the Bureau of Prisons ("BOP") retaliated against him by confining him in a Special Housing Unit at Range 13.<br>Dkt. 76 ¶¶ 222, 232, 317-26. | UNDISPUTED | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 6. Plaintiff filed one remedy request related to his 2012 hunger strikes in which he complained that he was segregated from his legal materials, medical items, and regular institutional supplies. Plaintiff received a response from the Warden on November 2, 2012. Plaintiff did not file an appeal at the regional or central office levels.<br>Ex. 2, Shelton Decl. ¶ 14 & Attach. 5. | PARTIALLY DISPUTED<br><br>Undisputed that Plaintiff filed a remedy which received a response from the Warden on November 2, 2012 and did not file an appeal at the regional or central office levels for that remedy. Disputed that Plaintiff has filed only one remedy related to his hunger strikes.<br><br>Ex. 6, Administrative Remedy 774879 at p. 6 ("After refusing 9 trays [of food], I was removed from Phase Two of H-Unit Step Down Program"); Ex. 7, Administrative Remedy 861387 at p. 2 (complaining of "…denial of rights during non-violent hunger strike protest…"); Ex. 8, Administrative Remedy 874164 at pp. 3, 5 (asking "to be allowed to protest by hunger striking without being force-fed against my will… I have been on hunger strike four different times, force fed many times force team in riot gear, helmets, shield forcefully extracted me, dragged me on the ground, restrained from head to toe, strapped to a chair, tube inserted in my nose, lungs – giving water boarding sensation.") | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 7. In Claim 8, Plaintiff alleges that BOP's policies prohibiting congregational prayer within H-Unit violate RFRA because Plaintiff believes he is religiously obligated to perform group prayer five times daily and participate in Jum'ah services.<br>Dkt. 76 ¶¶ 334-42. | UNDISPUTED | |
| 8. Plaintiff filed one administrative remedy wherein he requested to pray in congregation five times per day. Plaintiff received a response from the Warden on December 3, 2015. Plaintiff did not file an appeal at the regional or central office levels.<br>Ex. 2, Shelton Decl. ¶ 15 & Attach. 6. | PARTIALLY DISPUTED<br><br>Undisputed that Plaintiff filed a remedy in 2015 requesting to participate in group prayer 5 times a day, the BOP responded to that remedy on December 3, 2015, and Plaintiff did not file an appeal at the regional or central office levels. Disputed that Plaintiff filed only one remedy regarding the lack of group prayer.<br><br>Ex. 7, Administrative Remedy 861387 at p. 2 (complaining about "no group prayer"). | |
| 9. In Claim 9, Plaintiff alleges that the BOP has violated RFRA by failing to provide regular access to an imam.<br>Dkt. 76 ¶¶ 343-50. | UNDISPUTED | |
| 10. Plaintiff has not filed any administrative remedies related to access to an imam.<br>Ex. 2, Shelton Decl. ¶ 16 & Attach. 3. | UNDISPUTED | |

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 11. In Claim 10, Plaintiff alleges that the BOP has violated RFRA by denying him a halal diet.<br>Dkt. 76 ¶¶ 351-58. | UNDISPUTED | |
| 12. Plaintiff has not filed any administrative remedies related to a halal diet.<br>Ex. 2, Shelton Decl. ¶ 17 & Attach. 3. | DISPUTED<br><br>Plaintiff filed an administrative remedy concerning his need for a halal diet, and Defendant BOP did not reject this remedy, instead responding to it on its merits.<br><br>Ex. 7, Administrative Remedy 861387 at p. 1-2 (complaining about "availability of religious diet [Halal]"). | |
| 13. In Claim 12, Plaintiff alleges that the BOP has violated RFRA by force-feeding him with a non-halal nutritional supplement during hunger strikes in 2012 and 2015.<br>Dkt. 76 ¶¶ 369-76. | UNDISPUTED | |

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 14. Plaintiff has not filed any administrative remedies related to a non-halal nutritional supplement.<br>Ex. 2, Shelton Decl. ¶ 18 & Attach. 3. | DISPUTED<br><br>Plaintiff filed an administrative remedy concerning his need for a halal diet and for not being force fed, and Defendant BOP did not reject this remedy, instead responding to it on its merits.<br><br>Ex. 7, Administrative Remedy 861387 at pp. 1-2 (complaining about "availability of religious diet [Halal]"). | |
| 15. In Claims 2-5, Plaintiff alleges that his Special Administrative Measures ("SAMs") violate the Constitution and seeks a "permanent injunction ordering Defendant Sessions to remove the SAMs" and "prohibiting Defendant Sessions or future Attorneys General from re-imposing SAMs on [him]." Part of Plaintiff's claim appears to challenge that he is not permitted to communicate with his 13 nieces and nephews.<br>Dkt. 76 ¶¶ 289-316, Prayer for Relief; *id.* ¶¶ 14, 140, 292, 308. | UNDISPUTED<br><br>Plaintiff agrees that *part* of his claim challenges that he is not permitted to communicate with his 13 nieces and nephews. | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 16. Plaintiff was told that if he wanted to communicate with any additional individuals, he would need to make a request with full contact information for each individual that he wished to be added to his approved contact list.<br>Ex. 2, Shelton Decl. ¶ 13 & Attach. 4. | UNDISPUTED*<br><br><br><br><br><br>*See Opposing Party's Additional Facts, *infra* at ¶ 26 | |
| 17. The SAMs state that Plaintiff is permitted to make requests for specific additional contacts, which are considered on a case-by-case basis.<br>Ex. 3, SAMs March 2018 Renewal at 10 n.7. | UNDISPUTED | |
| 18. Plaintiff made several administrative remedy requests to add additional family contacts, including, for example, two of his sisters.<br>Ex. 2, Shelton Decl. ¶ 13 & Attach. 5. | UNDISPUTED | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 19. Plaintiff never filed any administrative remedies regarding communications with his 13 nieces and nephews.<br>Ex. 2, Shelton Decl. ¶ 13 & Attach. 3. | DISPUTED<br><br>Plaintiff has filed several administrative remedies pleading for communication with all his family members, including his nieces and nephews.<br><br>Ex. 2, Administrative Remedy 746012 at p. 1 ("you request…all other family members be approved for visiting, phone calls and correspondence"); Ex. 3, Administrative Remedy 750020 at p. 7 ("The SAMs violates my 1st…Amendment rights.  The SAM diminishes and limits many of my rights including and not limited to the following: freedom of speech… and gathering, freedom of communication, freedom of correspondence, receiving information…receiving visits, mail, phone and freedom of socializing"); Ex. 5, Administrative Remedy 768920 at p. 1 ("you…request all of your family members be approved for visiting, phone calls and correspondence"). | |

8

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 20. In Claims 7, 11, and 13, Plaintiff alleges that force-feeding him while on a hunger strike violates the Constitution and RFRA seeks a "permanent injunction prohibiting Defendant BOP from force-feeding" him. Part of Plaintiff's claim appears to challenge that he was force-fed in 2012 and 2015 without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding. Dkt. 76 ¶¶ 327-33, 359-68, 377-83, Prayer for Relief; *id.* ¶¶ 257, 380. | UNDISPUTED | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 21. Plaintiff filed a single administrative remedy related to his 2012 hunger strikes on October 11, 2012, in which he complained that he was segregated from his legal materials, medical items, and regular institutional supplies while on a hunger strike. On November 2, 2012, Plaintiff received a response from the Warden but did not file an appeal at the regional or central office levels.<br>Ex. 2, Shelton Decl. ¶ 19 & Attach. 6. | PARTIALLY DISPUTED<br><br>Undisputed that Plaintiff filed a remedy which received a response from the Warden on November 2, 2012 and did not file an appeal at the regional or central office levels for that remedy. Disputed that Plaintiff has filed only one remedy related to his hunger strikes.<br><br>Ex. 6, Administrative Remedy 774879 at p. 6 ("After refusing 9 trays [of food], I was removed from Phase Two of H-Unit Step Down Program"); Ex. 7, Administrative Remedy 861387 at p. 2 (complaining of "…denial of rights during non-violent hunger strike protest…"); Ex. 8, Administrative Remedy 874164 at pp. 3, 5 (asking "to be allowed to protest by hunger striking without being force-fed against my will… I have been on hunger strike four different times, force fed many times force team in riot gear, helmets, shield forcefully extracted me, dragged me on the ground, restrained from head to toe, strapped to a chair, tube inserted in my nose, lungs – giving water boarding sensation.") | |

10

Exhibit 1

| | | |
|---|---|---|
| 22. Plaintiff did not file any other remedy requests complaining about any actions taken in response to his hunger strikes in 2012 or 2015 and has not filed any remedy requests alleging that he was force-fed without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding.<br>Ex. 2, Shelton Decl. ¶ 19 & Attach. 3, 8. | DISPUTED<br><br>Plaintiff has filed remedies complaining about the BOP's responses to his hunger strikes, including the 2012 and 2015 hunger strikes. These remedies complained of the inappropriate nature of the forced feedings. And the BOP responded that "we find staff members are following [Program Statement] 5562.05," indicating it was on notice that Plaintiff was concerned about the failure to follow policy.<br><br>Ex. 6, Administrative Remedy 774879 at p. 6 ("After refusing 9 trays [of food], I was removed from Phase Two of H-Unit Step Down Program"); Ex. 7, Administrative Remedy 861387 at p. 2 (complaining of "…denial of rights during non-violent hunger strike protest…"); Ex. 8, Administrative Remedy 874164 at pp. 1, 3 (asking "to be allowed to protest by hunger striking without being force-fed against my will… I have been on hunger strike four different times, force fed many times force team in riot gear, helmets, shield forcefully extracted me, dragged me on the ground, restrained from head to toe, strapped to a chair, tube inserted in my nose, lungs – giving water boarding | |

11

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | sensation."). | |
| 23. In paragraph 147, Plaintiff alleges that, whether due to SAMs or other factors, the BOP has restricted his access to certain books, identifying two books that he claims were never delivered to him.<br>Dkt. 76 ¶ 147. | UNDISPUTED | |
| 24. Plaintiff has not exhausted any remedy requests alleging that he was denied access to these two books or any other specific reading materials.<br>Ex. 2, Shelton Decl. ¶ 20 & Attach. 3. | UNDISPUTED | |

12

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence[1] | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 25. BOP has a four-tiered Administrative Remedy Program for inmate grievances. The first step is informal resolution with prison staff. The second step is the filing of a formal Request for Administrative Remedy (also known as a BP-9) at the institution in which the inmate is incarcerated. An administrative remedy at this level, and subsequent levels, is assigned a Remedy ID number and tracked in SENTRY. The third step is an appeal to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10). The fourth step is an appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington D.C., by filing a Central Office Administrative Remedy Appeal (also known as a BP-11). An inmate may not assert in an appeal an issue he did not raise in a lower-level filing.<br>Ex. 2, Shelton Decl. ¶ 3; 28 C.F.R. §§ 542.10–542.19. | PARTIALLY DISPUTED<br><br>Undisputed that this is the written Administrative Remedy Process of the BOP. Disputed that this process is always precisely followed in practice, e.g., an inmate may indeed assert in an appeal an issue he did not raise in a lower-level filing so long as it is a related issue to that being appealed. *See e.g.* Ex. 9, October 12, 2017, BOP Response to Plaintiff's Administrative Remedy 918220 ("you raise more than one issue…you must file a separate request/appeal for each unrelated issue," and refusing to address the complaint), *compare generally* Ex. 8, Administrative Remedy 861387 (BOP allowing Plaintiff to add related concerns in his appeal, responding substantively and not rejecting). | |

13

Exhibit 1

**Opposing Party's Statement of Additional Material Facts**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 26. | In a BP-229 Response to an Administrative Remedy regarding Plaintiff's desire to communicate with all of his family, delivered to Plaintiff more than two months after it was due for response, the BOP told Plaintiff his "request for a modification was forwarded to the supervising agencies for review and consideration. Once a decision is made, you will be notified by institution staff of the decision." There was no mention that Plaintiff needed to direct his request elsewhere.<br><br>Ex. 5, Administrative Remedy 768920 at p. 5. | |
| 27. | In Administrative Remedy 874164, filed by Mr. Abdulmutallab on January 17, 2017, Mr. Abdulmutallab asked "to be allowed to protest by hunger striking without being force-fed against my will. Many times it is necessary for me to raise my long-time [illegible] grievances by hunger strike such as solitary confinement, SAMs, group prayer, I have been on hunger strike four different times, force fed many times force team in riot gear, helmets, shield forcefully extracted me, | |

14

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
|  | dragged me on the ground, restrained from head to toe, strapped to a chair, tube inserted in my nose, lungs – giving water boarding sensation. Force feeding leads to death, collapsed lung and heart for some PTSD, rupture of internal organs, severe bleeding, emergency hospitalization outside of ADX."<br><br>Ex. 8, Administrative Remedy 874164 at p. 3. |  |
| 28. | The BOP gave itself an extension of time to respond to Mr. Abdulmutallab's Central Office administrative remedy 874164 until May 1, 2017. However, the BOP did not provide Mr. Abdulmutallab a response until June 17, 2017. This response did not deny the appeal but responded substantively to it.<br><br>Ex. 8, Administrative Remedy 874164 at pp. 1-2. |  |
| 29. | In Mr. Abdulmutallab's Regional Administrative Remedy 874164, he asked to be allowed to non-violently protest through hunger striking without being force-fed against his will and said that it violates the Religious Freedom and Restoration Act, his First Amendment rights of expression and religion, |  |

15

Exhibit 1

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | freedom from bodily intrusion, the right to refuse treatment, and his due process rights.<br><br>Ex. 8, Administrative Remedy 874164 at p. 5. | |
| 30. | Mr. Abdulmutallab was removed from Phase Two of H-Unit Step Down Program in 2014 because he hunger struck.<br><br>Ex. 6, Administrative Remedy 774879 at pp. 7-9. | |
| 31. | Mr. Abdulmutallab was in the hospital after his 2014 hunger strike and did not have access to the legal materials he needed to file an administrative remedy within the time frame proscribed by the BOP.<br><br>Ex. 6, Administrative Remedy 774879 at p. 4. | |
| 32. | Despite repeated claims by the BOP that Administrative Remedy 774879 was untimely, Mr. Abdulmutallab explained that the process was unavailable to him and proceeded to appeal the remedy all the way to the BOP's Central Office.  In Administrative Remedy 774879, Mr. Abdulmutallab complains that he was transferred out of Phase Two of the H-Unit Step Down Unit because he was hunger | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | striking.<br><br>*See generally* Ex. 6, Administrative Remedy 774879. | |
| 33. | Mr. Abdulmutallab's Administrative Remedy 750020 says: "The SAMs violates my 1st, 4th, 5th, 6th, and 8th Amendment rights. The SAM diminishes and limits many of my rights including and not limited to the following: freedom of speech, press, religious beliefs and practices, and gathering, freedom of communication, freedom of correspondence, receiving information, publications, receiving visits, mail, phone and freedom of socializing, due process, right to an attorney and legal representation, freedom of being free from cruel and unusual punishment, double jeopardy and being in solitary confinement for a long time."<br><br>Ex. 3, Administrative Remedy 750020 at p. 7.<br><br>Defendant BOP Central Office Response to this Administrative Remedy says: "This is in response to your Central Office Administrative Remedy Appeal in which you contend your Special Administrative Measures | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | (SAM), are violating your Constitutional Rights.  You indicate your SAM deprives and limits many of your rights including, but not limited to: Freedom of Speech; Press; Religious Beliefs; Religious Practices and Gatherings; Group Prayers; Freedom of Communication; Legal Representation; and being free from Cruel and Unusual Punishment.  As relief, you request for your SAM to be removed."<br><br>Ex. 3, Administrative Remedy 750020 at pp. 1-2. | |
| 34. | Mr. Abdulmutallab's July 15, 2016, Administrative Remedy 861387 to BOP's Central Office says: "SAM violations 1st, 5th, 8th, 14th Amendments and should be removed: includes but not excludes freedom of religion, speech, religious gathering, due process, double jeopardy, excessive fines, cruel and unusual punishment – denial of all above by delay in process, sham reviews, lack of evidence and fair hearing, no communication with extended family, sister (Maryam), and other; punishment by solitary confinement, sleep deprivation, inadequate Health Services; no group | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | prayer, religious ceremonies observed [Eid], availability of religion diet [Halal].  Denial of rights during non-violent hunger strike protest; religious harassment; sexual harassment; freedom of press, legal services; email."  The BOP's Central Office responded substantively to the different claims raised by Mr. Abdulmutallab in this administrative remedy.<br><br>Ex. 7, Administrative Remedy 861387 at pp. 1-2. | |
| 35. | In a 2014 Defendant BOP Central Office response to Mr. Abdulmutallab's Administrative Remedy 768920, about SAMs' interference with contact with his family, it said: "You have been advised that Bureau staff neither impose nor rescind SAM restrictions, but inform you of the SAM requirements and ensure the measures are followed."<br><br>Ex. 5, Administrative Remedy 768920 at p. 1. | |

Exhibit 1