**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 17-cv-02493-RM-KMT

UMAR FAROUK ABDULMUTALLAB,

      Plaintiff,

v.

WILLIAM P. BARR,[1] Attorney General of the United States, in his official capacity,
FEDERAL BUREAU OF PRISONS, and
JOHN DOES 1 THROUGH 20, in their official capacities,

      Defendants.

---

## ORDER ON AMENDED RECOMMENDATION

---

This matter is before the Court on the Amended Recommendation of United States

Magistrate Judge (the "Recommendation") (ECF No. 120) to grant Defendants' "Motion for

Partial Summary Judgment" (the "Motion") (ECF No. 80) alleging that Plaintiff failed to exhaust

his administrative remedies under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of

1966 ("PLRA") as to certain claims and allegations.  Plaintiff filed an objection (the

"Objection") (ECF No. 128) to which Defendants filed a response (ECF No. 130).  The matter is

ripe for resolution.

## I.    LEGAL STANDARD

### A.  Review of a Magistrate Judge's Recommendations

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ.

P. 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Mr. Barr is substituted for former Attorney General Jefferson Sessions

judge's [recommendation] that has been properly objected to."  Upon review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.  Motions for Summary Judgment

The Magistrate Judge correctly set forth the standards applicable to motions filed under Fed. R. Civ. P. 56.  Accordingly, the Court incorporates them by reference.

### C.  The PLRA

"The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons."  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  Therefore it "seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id.* (quotations, alteration, and citation omitted).  The prison grievance system is to be given "a fair opportunity" to consider the grievance and can do so only if "the grievant complies with the system's critical procedural rules."  *Id.* at 94.  Thus, "proper exhaustion of administrative remedies is necessary."  *Id.* at 84.

For exhaustion to be proper, this means exhaustion is required "even where the relief sought…cannot be granted by the administrative process."  *Id.* at 82-83 (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)).  This also means starting the grievance process is not enough; the process must be completed.  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  This

also means that a grievant is not excused from compliance with the process based on his disagreement with prison officials as to the appropriateness of a particular procedure or belief that he should not have to correct a procedural deficiency.  *See Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010).

The BOP provides a four-tiered Administrative Remedy Program for inmate grievances – one informal and three formal.  The required steps and their timing of these four tiers are not disputed, including the requirement that the inmate has 20 days following the date on which the basis for the request occurred to complete a first step informal resolution and file a formal written Administrative Remedy Request known as a BP-9.  *See* 28 C.R.F. §§ 542.13(a) & 542.14(a).  An inmate exhausts his administrative remedies when he has properly and timely sought review at all three formal levels.  *See* 28 C.R.F. § 542.15(a)

"Failure to exhaust is an affirmative defense."  *Rachel v. Troutt*, 764 F. App'x 778, 781 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).  Defendants' Motion requesting dismissal is based on such alleged failure.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff was convicted for the attempted use of a weapon of mass destruction on a commercial airliner that landed in Detroit, Michigan, and the attempted murder of the 289 people on board.  Plaintiff is from Nigeria and a Muslim.  Plaintiff is housed at the United States Penitentiary–Administrative Maximum ("ADX") in Florence, Colorado, and serving four terms of life imprisonment plus 50 years for his convictions.  Prior to Plaintiff's transfer to ADX, in

---

[2] No party has objected to the Magistrate Judge's "Background," but there is a clerical error as to the hunger strike years at issue.  The Recommendation stated it is 2012 and 2014 when it is 2012 and *2015*.  The Recommendation, however, recognized it is 2015 at issue. The amended complaint contains no allegations concerning hunger strikes in 2014.

March 2012, the United States government placed Plaintiff under Special Administrative Measures ("SAMs"). The SAMs have been renewed every year, with some modifications.

Plaintiff brought this action asserting the following 14 claims for relief arising from his transfer to ADX, his SAMs, and his conditions of confinement at ADX. Defendants' Motion argues Plaintiff failed to exhaust his administrative remedies as to certain claims and allegations. The Magistrate Judge agreed and recommended granting the Motion and dismissing certain claims and allegations. Plaintiff's Objection followed. The matters at issue and their recommended disposition are as follows:

| Claim # | Summary of claim or allegation | Recommendation |
|---------|-------------------------------|----------------|
| 1 | Plaintiff's transfer to ADX in 2012 in deprivation of his liberty without due process in violation of the Fifth Amendment | Dismiss entirely |
| 2-5 | The imposition of SAMs in violation of the First Amendment and in violation of substantive due process rights under the Fifth Amendment | Dismissal as to allegations of restricting communications with 13 nieces and nephews |
| 6 | Retaliation against Plaintiff by confining him in Special Housing Unit in Range 13, for engaging in a hunger strike to protest his conditions of confinement in violation of the First Amendment; | Dismiss entirely |
| 7 | Denial of Plaintiff's right to refuse medical treatment, i.e., the force feeding of nutrients related to his hunger strikes, in violation of the Fifth Amendment; | Dismissal to extent alleges forced feeding without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding |
| 8 | Denial of access to group prayer in violation of the Religious Freedom Restoration Act ("RFRA") | Dismiss entirely |
| 9 | Failure to provide meaningful access to an imam in violation of RFRA | Dismiss entirely |
| 10 | Denial of a halal diet in violation of RFRA | Dismiss entirely |

| 11 | Responding to hunger striking by force feeding in violation of RFRA | Dismissal to extent alleges forced feeding without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding |
|---|---|---|
| 12 | Force feeding non-halal nutritional supplement in violation of RFRA | Dismiss entirely |
| 13 | Excess force by force feeding in violation of the Eighth Amendment | Dismissal to extent alleges forced feeding without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding |
| 14 | Cruel and unusual punishment under totality of circumstances in violation of the Eighth Amendment | Dismissal to the extent it relies on unexhausted allegations |
| ¶ 147 | Allegations that the BOP restricted Plaintiff's access to certain books, identifying two books that allegedly were not delivered. | Dismissal of allegation |

Plaintiff objects to the recommended dismissals of paragraph 147 and of portions of claims 2-5, 7, 11, 13, and 14. Plaintiff's arguments are three-fold. First, Plaintiff argues that dismissal of allegations or portions of claims is impermissible. Next, Plaintiff contends there are disputes of material facts which preclude summary judgment in favor of Defendants as to whether such issues or allegations were exhausted. Finally, Plaintiff asserts there are factual disputes as to whether there were "available" administrative remedies because there is a factual issue of whether Defendant Bureau of Prison ("BOP") had authority to address concerns regarding SAMs (claims 2-5) and because Plaintiff was in the hospital when he had to submit administrative remedies based on the force feeding in 2012 and 2015 (claims 7, 11, and 13).

III.    ANALYSIS

A.  Matters to which there are no objections

Plaintiff does not object to the recommended dismissal of claims 1, 6, 8, 9, 10, and 12.[3] After conducting a review of the record and finding no clear error, the Court accepts the recommended dismissal of claims 1, 6, 8, 9, 10, and 12.

B.  Matters to which there are objections

1.  *Exhaustion of claims versus allegations*

Plaintiff argues the PLRA requires an exhaustion of claims, not of allegations.  However, as Defendants assert, Plaintiff did not raise this argument or theory until his objection.  It is therefore waived.  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).  Even if Plaintiff's argument is not waived, claims are naught but allegations.  As Plaintiff acknowledges, "'[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution.'"  (ECF No. 128, p. 5 (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).)  Thus, in the absence of a prisoner alerting a prison of the problem which he alleges in his complaint, such allegation is not exhausted and cannot serve to support the prisoner's claim or claims.  As applied to the recommendation of dismissal here, this objection is overruled.

2.  *Claims 2-5: Communication with Plaintiff's 13 nieces and nephews*

The Recommendation found Plaintiff failed to exhaust his administrative remedies regarding claims 2-5 based on allegations that he was improperly precluded from communicating with his 13 nieces and nephews.  Plaintiff objects arguing he exhausted his request for his SAMs to be removed and "such exhaustion necessarily includes that his right to communicate with his family members—and anyone else, for that matter—be restored."  (ECF No. 128, p. 7.)

---

[3] In fact, Plaintiff's response to Defendants' Motion states "he voluntarily dismisses Claims 1 and 9."  (ECF No. 115, p. 2 n.1.)

Accordingly, Plaintiff contends whether Defendants were on fair notice about this "particular component" of Plaintiff's challenges to his SAMs is a question of fact that precludes summary dismissal.  The Court finds otherwise.

The material facts are not in dispute.  Plaintiff filed a grievance seeking approval for communications with *all* of his family members.  In response, the BOP told Plaintiff that if he wanted to communicate with any additional individuals, he would need to make a request with full contact information for each individual that he wished to be added to his approved contact list.  Plaintiff's SAMs state that he is permitted to make requests for specific additional contacts, which are considered on a case-by-case basis, and Plaintiff has in fact made administrative requests to add additional family contacts, e.g., his two sisters.  (Ex. 4, AR 746012, ECF No. 80-2, pp. 22-28; Statement, ¶¶ 16-18.)  However, in this grievance, Plaintiff never made a specific request.  Thus, Plaintiff not only failed to make a specific request in compliance with the BOP's procedure but also neglected to give Defendants enough information to investigate and address his complaint about his 13 nieces and nephews.  *See Thomas*, 609 F.3d at 1119 (grievant required to follow procedure with which he disagreed); *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008) (A grievance satisfies the exhaustion requirement "so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally.").[4]  Based on the undisputed material facts, the Court finds the evidence points only one way and no reasonable inferences could support Plaintiff's position.

---

[4] Plaintiff relies on two decisions from other jurisdictions to argue otherwise.  They are not binding and distinguishable.  For example, the court in *Grant v. Cathel*, No. 05-3956 (MLC), 2007 WL 119158, at *5 (D.N.J. Jan. 10, 2007), stated "substantial compliance" with the administrative procedure was sufficient.  In the Tenth Circuit, "the doctrine of substantial compliance does not apply."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (same).  And, in *Underwood v. Mendez*, No. 3:04-CV-1624, 2006 WL 860142, at *5 (M.D. Pa. Mar. 31, 2006), the court found all defendants had been on notice of the claim and the additional issues were just additional factual proofs under this claim.  This is not the case here.

Accordingly, the recommendation correctly found claims 2-5 are unexhausted to the extent they are based on communications with Plaintiff's 13 nieces and nephews. Plaintiff's objection is overruled.

### 3. *Claims 7, 11, and 13*

The Magistrate Judge recommended that summary judgment be granted for failure to exhaust as to "the portions of Claims 7, 11, and 13 in which Plaintiff asserts he was force-fed in 2012 and 2015 without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding." (ECF No. 120, p. 13.) The recommendation stated the remedy requests Plaintiff relied on were not filed within 20 days of any hunger strike and none hinted that Plaintiff believed he was force-fed without medical necessity or for purposes of retaliation. Plaintiff objects, arguing he did exhaust and that the BOP never claimed his grievances were untimely but addressed them substantively.

At issue are four administrative remedy ("AR") requests and whether they show Plaintiff failed to exhaust his 2012 and 2015 force feedings-based claims at issue: AR 709948; AR 774879; AR 874164; and AR 861387. Defendants rely on the first AR while Plaintiff relies on the latter three ARs all of which Defendants contend are inapposite. The Court addresses each in turn.

AR 709948 was filed in September 2012 concerning Plaintiff's hunger strike in about August and September 2012. That remedy complains Plaintiff was segregated for about three weeks without his legal materials, medical items, and regular institutional supplies. (ECF No. 80-2, pp. 36-40.) This remedy was not exhausted. This filing also predates Plaintiff's 2015 force feeding strike so it goes without saying this remedy could not have exhausted any complaint relating to any 2015 incident. Further, reasonable minds could not differ in

concluding that this filing did not provide enough information for prison officials to investigate and address any complaint of force feeding without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding.

AR 774879 fares no better.  This remedy challenges BOP actions relating to a hunger strike in *2014*, of which there are no allegations in the amended complaint.  (ECF No. 115-6.) Moreover, prison officials rejected this filing as untimely.

AR 874164 is also unavailing.  This administrative remedy was filed in August 2015 where Plaintiff asked to be allowed to protest by hunger striking without being force fed against his will under Program Statement No. 5562.05.  (ECF No. 115-8.)  In his appeal to the Regional Director of the BOP, Plaintiff reiterated this request and also raised that forced feeding violates RFRA, First Amendment, Eighth Amendment, and "right to refuse treatment" grounded in the Fifth Amendment.  Defendants argue nothing in this grievance alerted prison officials of any allegations of misconduct, nor could it have because it was well outside the time for Plaintiff to do so.

Plaintiff does not contest this grievance (or any of the other two grievances he relies on) was not timely filed within the 20 days of any challenged force feeding in 2012 or 2015.  Instead, Plaintiff argues, in a footnote, the Recommendation inappropriately unilaterally rejected the ARs when the BOP addressed the grievances substantively.[5]  Plaintiff's argument, however, misses the mark.  While the BOP addressed AR 874164 substantively it was because Plaintiff requested future relief and the BOP viewed the remedy requested as such.  That is the issue the BOP addressed substantively.  Plaintiff did not request – and the BOP did not address – any remedy related to the alleged 2012 and 2015 force feedings.  If this remedy request (and the other two

---

[5] On the contrary, as stated, the BOP rejected AR 778479 as untimely.

requests) did raise alleged force feeding in 2012 and 2015 – which they did not – the Recommendation recognized such requests would have been untimely.

Further, this remedy request raising "right to refuse treatment" was made at the regional level, *see* 28 C.R.F. § 542.15(b)(2),[6] *and* did not give prison officials enough information to investigate and address allegations of force feeding without medical necessity, retaliation, or failure to follow procedures. At bottom, AR 874164 fails to support exhaustion as it relates to the 2012 and 2015 allegations at issue.

This leaves AR 861387 filed in April 2016. At the institutional level (BP-9) and regional level (BP-10), this remedy request asked that Plaintiff's SAM be removed. It was not until the national level (BP-11) that Plaintiff complained – beyond the request that his SAM be removed – of the "denial of rights during non-violent hunger strike protest" among many other complaints. (ECF No. 115-7, p. 2.) The BOP did not address such additional complaints. And, such complaints were insufficient to satisfy Plaintiff's responsibility to properly exhaust for at least two reasons. First, it was raised improperly for the first time at the national level. 28 C.R.F. § 542.15(b)(2). Second, it cannot be said that a complaint made in April of 2016 was sufficient to give Defendants fair notice of alleged issues with hunger strikes in 2012 and 2015. Accordingly, Plaintiff's objection is overruled.[7]

### 4. *Paragraph 147*

Paragraph 147 of the amended complaint alleges that whether "due to the SAMs or other factors," Defendants have censored Plaintiff's books coming into ADX and specifically identifying two books from July 2017. It is undisputed that Plaintiff has not exhausted any

---

[6] "An inmate may not raise in an Appeal issues not raised in the lower level filings."
[7] The Court agrees with the Recommendation that, facially, claims 7, 11, and 13 do not allege violations for failure to comply with BOP regulations. As the parties assume they do, the Court does so also.

remedy requests alleging he was denied access to such books or any other specific reading material.  The Magistrate Judge recommended summary judgment on paragraph 147.

Plaintiff raises three arguments but, as Defendants respond, Plaintiff did not raise these before and they are now waived.  *Garfinkle*, 261 F.3d at 1031.  Moreover, the Court finds none of the arguments persuasive.

Plaintiff argues that finding an *allegation* to be unexhausted is contrary to law, but this has been addressed and rejected above by the Court.

Plaintiff also argues the rule is burdensome especially considering his "totality-of-the-circumstances" claim (claim 14).  As an initial matter, the Court does not find the summary judgment recommendation as to paragraph 147 is limited to claim 14.  After all, Plaintiff incorporates all of his previous allegations in all his claims.  Plaintiff's cursory argument that it is somehow burdensome also does not save this allegation.  The law requires Plaintiff to provide prison officials sufficient information to investigate and address an inmate's complaint.  That Plaintiff chose not to bring a separate claim based on his censorship complaint does not relieve him of this obligation.

Finally, Plaintiff appears to argue that there is a question of fact as to whether he could sufficiently raise his allegations in claim 14 in a single grievance.  But, as Defendants contend, Plaintiff's failure was that he did not exhaust this (and other) issues in any form, not that he failed to exhaust them in a single grievance.  Accordingly, Plaintiff's objections here are also overruled.

### 5.  *Count 14*

In count 14 Plaintiff asserts that all of his allegations throughout his amended complaint combine to form a violation of the Eighth Amendment.  The Recommendation found claim 14

could proceed only to the extent it is based on exhausted issues.  For the reasons set forth above, the Court agrees.

### 6.  *"Unavailability" of grievance process*

Plaintiff raises two arguments as to the alleged unavailability of the grievance process. Plaintiff asserts there are factual disputes regarding the availability of the administrative remedy process as to (1) claims 2-5 and 14 concerning the SAMs, and (2) claims 7, 11, and 13 because he was in the hospital.

***The SAMs and Claims 2-5, 14****.*  Here, Plaintiff argues the Defendants' or the BOP's responses show there are factual issues regarding whether the BOP has the discretion or ability to address the SAMs and, accordingly, *Yousef v. Reno*, 254 F.3d 1214 (10th Cir. 2012), is distinguishable.  The Court finds a review of the responses as a whole, however, shows no factual issues which preclude summary judgment.  For example, Plaintiff relies on a BOP's response which stated that BOP staff "neither impose nor rescind SAM restrictions" but omits the following sentence which stated the "Bureau staff facilitates specific requests relating to the [SAMs] restrictions and to that effect, institution staff will consult with other entities when appropriate, in an attempt to resolve or accommodate such concerns."  (ECF No. 115-5, p. 1.)

Further, Defendants have presented evidence and authority to show that an administrative remedy was available.  As Defendants argue, the federal regulations specifically provide "[t]he affected inmate may seek review of any special restrictions [SAMs] imposed in accordance with paragraph (a) of this section through the Administrative Remedy Program, 28 CFR part 542."  28 C.F.R. § 501.3(e).  Moreover, Plaintiff has utilized the administrative remedy previously and *has* obtained modifications of his SAMs through this process.  (*See* ECF No. 115-5, p. 1; No. 96-1,

pp. 2, 6 (SAM modified to allow more than one visitor at a time for recent visit, in response to specific SAM modification request).)

Finally, based on this record, the Court finds *Yousef*, *supra*, indistinguishable.  What the *Yousef* court found important was that the BOP regulations provided an avenue for inmates to exhaust their administrative remedies and the BOP had discretion to implement the SAMs.  That regulation still exists and while the BOP here does not have the same discretion as that in the *Yousef* case, the record nonetheless shows the administrative remedy process can – and has – provided Plaintiff relief from the SAMs imposed.  Accordingly, the administrative remedy process was available to Plaintiff.

**Plaintiff's Hospitalization and claims 7, 11, 13.**  Plaintiff's AR 774879 was rejected because it was untimely.  (ECF No. 115-6.)  Plaintiff contends there are factual issues as to the availability – and, therefore, timeliness – of this administrative remedy because he was allegedly in the hospital and did not have access to his legal materials until the last week of February 2014.  Plaintiff objects to the Recommendation because it did not address this argument, but the Court finds this argument wanting for three reasons.

First, Plaintiff raised this argument for the Magistrate Judge to consider in a footnote.  Arguments contained in a perfunctory manner in footnotes are waived.  *San Juan Citizens Alliance v. Stiles*, 654 F.3d 1038, 1056 (10th Cir. 2011) (collecting cases).

Next, even if not waived, this AR relates to a 2014 hunger strike and, as previously stated, the amended complaint contains no allegations regarding a 2014 hunger strike.  Further, an AR concerning an incident in 2014 is irrelevant to – and cannot serve as a basis for finding an administrative remedy was unavailable for – Plaintiff's force-feeding claims from *2012 and 2015*.

13

Finally, as Defendants noted, Plaintiff had his materials by the last week of February 2014, but he did not file his administrative remedy until April 8, 2014.  Even under Plaintiff's argument, his filing was untimely as it was more than 20 days following the date on which the basis for the request occurred.  Accordingly, this objection is also overruled.

## IV.    CONCLUSION

Exhaustion is mandatory.  Because Plaintiff has failed to exhaust his administrative remedies as argued by Defendants, the Court orders dismissal of his unexhausted claims and issues.[8]  Based on the foregoing, the it is **ORDERED**

(1) That Plaintiff's "Objection to Amended Recommendation of United States Magistrate Judge (Doc. 120)" (ECF No. 128) is OVERRULED;

(2) That the Amended Recommendation of United States Magistrate Judge (ECF No. 120) is ACCEPTED as stated herein;

(3) That Defendants' Motion for Partial Summary Judgment (ECF No. 80) is GRANTED as stated herein;

(4) That the following are dismissed without prejudice:

   a)  Claims 1, 6, 8, 9, 10, and 12 in their entirety;

   b)  Claims 2-5 based on allegations that Plaintiff was improperly precluded from communicating with his 13 nieces and nephews;

   c)  Claims 7, 11, and 13 to the extent Plaintiff asserts he was force-fed in 2012 and 2015 without medical necessity, for purposes of retaliation, and/or without following the BOP's procedures on force-feeding;

---

[8] This Order addresses Defendants' Motion for Partial Summary Judgment.  The Court recognizes Defendants also filed a Motion to Dismiss as to claims 1-7 and 11-14 and that the Magistrate Judge recommended granting this motion in part and dismissing certain claims in another recommendation.  The Court addresses such overlap in its Order on Recommendation issued concurrently with this Order on Amended Recommendation.

d)  Paragraph 147 in its entirety; and

e)  Claim 14 to the extent it is based on unexhausted issues.

SO ORDERED.

DATED this 18th day of September, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge